**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


SNYDER'S-LANCE, INC.,

       Plaintiff,

v.                         CASE NO.  4:12cv598-RH/CAS

COWEN TRUCK LINE, INC.,

       Defendant.

_____/


## ORDER GRANTING SUMMARY JUDGMENT


     This case arises from an indemnity clause in a trucking contract.  The

plaintiff's truck ran over and killed the defendant's employee.  The plaintiff settled

the resulting wrongful-death action and now seeks indemnification from the

defendant.  The case is before the court on cross-motions for summary judgment.

This order grants summary judgment for the defendant.

I

     The plaintiff Snyder's-Lance, Inc. ("Snyder's") is a food manufacturer.

Through a transportation consultant—Transportation Insight, LLC—Snyder's

hired the defendant Cowen Truck Line, Inc., to haul goods from a Snyder's plant in

Ohio to a Snyder's plant in Florida. The governing contract included two provisions of significance. The first said North Carolina law governed the contract. The second required Cowen to indemnify Snyder's in specified circumstances.

A Cowen driver, Charles Taft, delivered a load to the Florida plant, got out of the truck, and went to the adjoining loading dock. A Snyder's employee driving a Snyder's truck was backing into that dock. The Snyder's truck ran over and killed Mr. Taft.

Mr. Taft's personal representative filed a wrongful-death action against Snyder's, asserting negligence. Snyder's demanded a defense from Cowen based on the indemnity clause. Cowen denied that the clause applied and refused to provide a defense. After incurring attorney's fees and costs of $473,064.95, Snyder's settled the negligence case for $750,000. Snyder's did not admit liability.

Snyder's filed this action against Cowen seeking recovery of the fees, costs, and settlement amount. Each side has moved for summary judgment.

## II

The indemnity clause refers to Cowen as "Carrier" and provides:

Carrier agrees to indemnify, defend and hold Transportation Insight and [Snyder's], their agents, employees, and principals harmless from and against any and all direct or indirect claims *arising out of or resulting from transportation provided pursuant to this Agreement*, including, but not limited to, claims of bodily injury, death, property damage, attorney fees, loss, damage or delay[.] Carrier's liability under this indemnity and hold

harmless provision shall be reduced in proportion to the degree of negligence, if any, of Transportation Insight or [Snyder's].

ECF No. 1-1 at 1 (emphasis added).

For two separate reasons, each of which would be sufficient standing alone, the indemnity clause does not apply to the underlying wrongful-death action.

First, the indemnity clause applies only to "claims arising out of or resulting from transportation provided pursuant to this Agreement." At the time of the accident, Mr. Taft was not transporting goods or otherwise performing any duty under the contract. Quite the contrary. Mr. Taft had completed the transportation of the goods and was simply on the premises. The Cowen truck and the goods it transported had nothing to do with the accident.

The accident *did* arise from the transportation of goods. But the accident arose from the transportation of goods by a Snyder's driver in a Snyder's truck—the truck that ran over Mr. Taft. It is hard to conceive of any reason why Cowen would agree to indemnify Snyder's for the allegedly negligent operation of a Snyder's truck by a Snyder's driver delivering a load that Cowen had nothing to do with. On any proper reading of the indemnity clause, Cowen did not in fact agree to indemnify Snyder's in these circumstances.

Second, under North Carolina law, just as under Florida law, an indemnity clause does not apply to an indemnitee's own negligence unless the clause explicitly so provides. Here the indemnity clause applies to claims "arising out of

or resulting from transportation provided pursuant to" the contract between
Transportation Insight and Cowen, but the clause does not explicitly provide
indemnification for claims arising from the indemnitee's own negligence. The
clause therefore does not cover the indemnitee's own negligence.

One case confirming this result is *Hill v. Carolina Freight Carriers Corp.*,
235 N.C. 705, 71 S.E.2d 133 (1952). There the owner and operator of a truck
agreed to indemnify the company for whom he was delivering a load—much like
Cowen agreed to indemnify Snyder's. There, like here, an accident was allegedly
caused by the negligence of the driver of a different truck, and there, like here, the
driver of the different truck was employed by the indemnitee. The issue was
whether the indemnity clause applied to a claim that the indemnitee's own driver
was negligent. Even though by its terms the clause applied to any claim resulting
from a collision involving the indemnitor's truck—and the claim at issue arose
wholly from a collision involving the indemnitor's truck—the North Carolina
Supreme Court held that the indemnity clause did not apply. The reason, the court
said, was that despite its broad language, the clause did not apply to a claim that
the indemnitee itself, or a driver it employed, was negligent. The court explained:

> In evaluating the force and effect of the contract provision, it is
> essential that we take into consideration the circumstances
> surrounding the parties and the object in view which induced the
> making of it. Slocumb v. Raleigh, C. & S.R. Co., 165 N.C. 338, 81
> S.E. 335; Terminal R. Ass'n of St. Louis v. Ralston-Purina Co., 352
> Mo. 1013, 180 S.W.2d 693; Westinghouse Electric Elevator Co. v. La

Salle Monroe Building Corp., 326 Ill.App. 598, 63 N.E.2d 411,
affirmed 395 Ill. 429, 70 N.E.2d 604; Anno. 175 A.L.R. 30.

The motivating reason why the parties stipulated that the owner
should bear all damages caused by collision would seem to be clear.
While 'exclusive supervision and control' of the vehicle was vested in
the defendant [the indemnitee] for the purpose of meeting the
requirements of the I.C.C., actual possession or custody thereof was
retained by plaintiff [the indemnitor]. It was to be operated by one of
his choosing and in the selection of whom defendants had no part.
Immediate control and supervision as to speed, manner of operation,
hours of work, and the like necessarily remained with plaintiff. The
tractor was to be operated on the public highways in interstate
commerce where want of due care on the part of the operator selected
by plaintiff or of some third party motorist might well produce
damage to the vehicle. *But this does not warrant the conclusion the
parties intended that plaintiff should assume responsibility for
damages to the vehicle resulting from the negligence of defendant or
its employees.*

Contracts which seek to exculpate one of the parties from
liability for his own negligence are not favored by the law. Gulf
Compress Co. v. Harrington, 90 Ark. 256, 119 S.W. 249, 23 L.R.A.,
N.S., 1205; Denver Public Warehouse Co. v. Munger, 20 Colo.App.
56, 77 P. 5[.] Hence it is a universal rule that such exculpatory clause
is strictly construed against the party asserting it. Luedeke v. Chicago
& N. W. Ry. Co., 120 Neb. 124, 231 N.W. 695, 71 A.L.R. 912; Crew
v. Bradstreet Co., 134 Pa. 161, 19 A. 500, 7 L.R.A. 661. *It will never
be so construed as to exempt the indemnitee from liability for his own
negligence or the negligence of his employees in the absence of
explicit language clearly indicating that such was the intent of the
parties.* Fisk Tire Co. v. Hood Coach Lines, 54 Ga.App. 401, 188 S.E.
57; Griffiths v. Henry Broderick, Inc., 27 Wash.2d 901, 182 P.2d 18,
175 A.L.R. 1; Anno. 175 A.L.R. 30; Westinghouse Electric Elevator
Co. v. La Salle Monroe Building Corp., supra; Gross v. General Inv.
Co., 194 Minn. 23, 259 N.W. 557; Thompson-Starrett Co. v. Otis
Elevator Co., 271 N.Y. 36, 2 N.E.2d 35; Perry v. Payne, 217 Pa. 252,
66 A. 553, 11 L.R.A., N.S., 1173, anno. 11 L.R.A., N.S., 1174;
Schwartz v. Merola Bros. Construction Corp., 290 N.Y. 145, 48
N.E.2d 299; 38 A.J. 649, sec. 8; 42 C.J.S., Indemnity, s 13, P. 583.

> *The language used in the contract does not explicitly exempt*
> *defendant from liability for damages to the tractor proximately caused*
> *by the negligence of one of its employees. Strictly construed it will not*
> *permit—indeed it repels—the conclusion the parties so intended.*

*Hill*, 235 N.C. at 710, 71 S.E.2d at 137 (emphasis added).

The dispute in *Hill* was governed by Georgia law.  But the court cited cases from North Carolina and elsewhere; the court was applying principles it viewed as universal.  Other North Carolina cases are to the same effect.  *See, e.g.*, *Crowell v. E. Air Lines*, 240 N.C. 20, 33, 81 S.E.2d 178, 188 (1954); *City of Wilmington v. N.C. Natural Gas Corp.*, 117 N.C. App. 244, 248, 450 S.E.2d 573, 575 (N.C. Ct. App. 1994).

Florida law follows the same principle—that an indemnity clause does not apply to a claim that the indemnitee was itself negligent unless the clause explicitly so provides.  *See, e.g.*, *Univ. Plaza Shopping Ctr. v. Stewart*, 272 So. 2d 507, 511 (Fla. 1973); *H & H Painting & Waterproofing Co. v. Mech. Masters, Inc.*, 923 So. 2d 1227, 1228 (Fla. 4th DCA 2006).

This principle makes sense, especially as applied to the indemnity clause at issue here.  The clause's primary purpose was to ensure that if Cowen's acts caused an injury—if, for example, a Cowen driver caused a wreck while transporting goods under the contract—and if, as a result, the injured party sued not only Cowen but also Transportation Insight or Snyder's, perhaps on the theory

that Cowen was acting as their agent, then responsibility for defending the lawsuit and paying any loss would fall on Cowen, not on Transportation Insight or Snyder's. The clause plainly was *not* intended to allow Snyder's to escape responsibility for its own driver's negligence in causing an accident. In short, Cowen undertook responsibility for its own trucking operation, but not for the operation by Snyder's of its own trucks. Precisely as in *Hill*.

Further confirmation of this analysis comes from the final sentence of the indemnity clause itself: "[Cowen's] liability under this indemnity and hold harmless provision shall be reduced in proportion to the degree of negligence, if any, of Transportation Insight or [Snyder's]." ECF No. 1-1 at 1. This underscores that the purpose of the clause was to relieve Transportation Insight and Snyder's from responsibility for damages caused by Cowen but not to relieve Transportation Insight and Snyder's from responsibility for their own negligence.

Here the underlying wrongful-death action alleged as the sole basis for recovery that Snyder's, through an employee wholly unrelated to Cowen, was negligent. Any recovery against Snyder's in that lawsuit could flow only from the negligence of Snyder's, not from any other source, because under Florida law— which governed the wrongful-death action—any award against Snyder's would be reduced to eliminate any amount attributable to Mr. Taft's comparative negligence or the negligence of any other person. The proportion of negligence leading to a

recovery in that lawsuit that was attributable to Snyder's thus could be only one amount: 100%. And so any recovery by Snyder's under the indemnity clause, even if the clause were otherwise applicable, would be reduced by 100%, to zero.

## III

A Snyder's employee driving a Snyder's truck ran over and killed a pedestrian. The pedestrian worked for Cowen, but otherwise Cowen had nothing to do with it. The clause requiring Cowen to indemnify Snyder's for claims resulting from Cowen's transportation services does not apply. And the result is confirmed by the settled principle that an indemnity clause does not apply to claims asserting that the indemnitee was itself negligent, unless the clause explicitly so provides, which this clause does not.

For these reasons,

IT IS ORDERED:

1.      Cowen's summary-judgment motion, ECF No. 17, is GRANTED.

2.      The summary-judgment motion filed by Snyder's, ECF No. 18, is DENIED.

3.      It is declared that Cowen has no duty to defend or indemnify Snyder's on the wrongful-death claim filed by the personal representative of Charles Taft against Snyder's.

4.     The clerk must enter a judgment on the merits for Cowen that includes

the declaration set out in paragraph 3.

SO ORDERED on October 23, 2013.

s/Robert L. Hinkle
United States District Judge